# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TED A. MCCRACKEN | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| | : | NO. 17-4495 |
| V. | : | |
| | : | |
| R.J. REYNOLDS TOBACCO | : | |
| COMPANY, *et al.* | : | |
| | : | |

**KEARNEY, J.** February 2, 2018

## MEMORANDUM

Ted A. McCracken *pro se* sues numerous defendants for negligence, strict liability, civil conspiracy, breach of warranty, misrepresentation, and concealment. He invokes our subject matter jurisdiction based on diversity but he fails to plead the citizenship of the named, and possibly unserved, defendants.

Mr. McCracken as the party asserting jurisdiction has the "burden of establishing federal jurisdiction."[1] A subject matter jurisdiction challenge may be a facial or factual.[2] A facial attack concerns insufficient pleading and, a factual attack concerns a disputed fact relevant to jurisdiction.[3] In a facial attack, we read the complaint and referenced documents "in the light most favorable to the plaintiff."[4] For factual attacks, the plaintiff may respond with evidence justifying jurisdiction and we then weigh the evidence. The defendants today allege a facial challenge; the defendants cite insufficient pleadings to satisfy the plaintiff's burden of proving jurisdiction. We review his amended complaint in the manner most favorable to Mr. McCracken but find he has yet to meet his burden to establish our subject matter jurisdiction.

## I. Mr. McCracken fails to allege complete diversity under 28 U.S.C. § 1332.

We are courts of limited jurisdiction. Mr. McCracken alleges our jurisdiction based "on diversity and other statutes."[5] To invoke our original jurisdiction based on diversity, Mr. McCracken must allege (1) the amount in controversy (the amount of damages he seeks) exceeds $75,000; and (2) his claim is between citizens of different States."[6]

Mr. McCracken satisfies the amount-in-controversy requirement because he seeks $800 million dollars in damages.[7] For the second requirement, between citizens of different States, Mr. McCracken must allege "complete diversity between all plaintiffs and all defendants" meaning "no plaintiff [may] be a citizen of the same state as any defendant."[8]

There is no complete diversity when one or multiple defendants are a citizen from the same state as the plaintiff.[9] Mr. McCracken alleges he resides in Pennsylvania.[10] Even assuming Mr. McCracken is a citizen of Pennsylvania for purposes of diversity jurisdiction, he fails to allege the citizenship of the Defendants, one or more of whom may not yet be properly served with process.

### *Entity Defendants*

Mr. McCracken sues three companies, R.J. Reynolds Tobacco Company, ITG Brands LLC, and Republic Tobacco Inc., and three individuals, Debra Crew, David H. Taylor, and Donald Levin, as president or chief executive officer of each respective company.[11]

Mr. McCracken alleges R.J. Reynolds Tobacco Company is incorporated in North Carolina and is a registered business corporation entity in Pennsylvania.[12] A corporation's citizenship is determined by state of incorporation and "principal place of business."[13] Taking all of the allegations as true, Mr. McCracken pled the state of incorporation for R.J. Reynolds Tobacco Company, but he failed to plead the location of its principal place of business. Without

pleading a principal place of business, it is impossible to determine from the amended complaint if R.J. Reynolds Tobacco Company is a citizen of any other state along with North Carolina.

Mr. McCracken alleges Republic Tobacco, Inc. is incorporated in Illinois.[14] As a corporation, corporate citizenship is determined through state of incorporation and "principal place of business."[15] Mr. McCracken pleads Illinois citizenship for Republic Tobacco, Inc. based on state of incorporation. Republic Tobacco Inc.'s citizenship is also determined by principal place of business. Since the complaint lacks facts indicating principal place of business for Republic Tobacco, Inc., we are unable to determine Republic Tobacco, Inc.'s complete corporate citizenship.

Mr. McCracken alleges ITG Brands LLC is incorporated in Texas and a registered business corporation entity in Pennsylvania.[16] Citizenship for limited liability companies is based on the "citizenship of its members."[17] Mr. McCracken pled the state of incorporation for ITG Brands LLC, but he failed to allege the citizenship of the members. With LLC citizenship determined by the citizenship of the members, we are unable to determine citizenship for ITG Brands LLC.

### *Individual Defendants*

Mr. McCracken alleges Debra Crew is officer of R.J. Reynolds Tobacco Company, David H. Taylor is an officer of ITG Brands LLC., and Donald Levin is an officer of Republic Tobacco Inc.[18] Mr. McCracken does not allege the residency or citizenship of Debra Crew, David H. Taylor, or Donald Levin.[19] An individual's citizenship is determined by presence in state with the intent to remain.[20] For determining citizenship, courts consider a variety of factors including: voting records, tax records, location of house, place of employment, and location of family and friends.[21] Reading his amended complaint in the light most favorable to him, Mr.

3

McCracken did not plead the location or residency of these Defendants. Without information of the individual Defendants' ties to a state, we are unable to assume citizenship.

*Complete Diversity*

Mr. McCracken did not plead the complete citizenship for R.J. Reynolds Tobacco Company, ITG Brands LLC., or Republic Tobacco Inc. Mr. McCracken did not plead the citizenship of Debra Crew, David H. Taylor, or Donald Levin. It is impossible for us to determine if complete diversity exists between the entities and Mr. McCracken. At this current stage, we also cannot find complete diversity between the individual Defendants and Mr. McCracken.

**II. Conclusion**

Mr. McCracken does not plead our subject matter jurisdiction. We grant the Defendants' motions to dismiss without prejudice allowing Mr. McCracken leave to amend one last time.[22]

---

[1] *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

[2] *Id.*

[3] *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

[4] *Id.*

[5] ECF Doc. No. 4, ¶ 12.

[6] 28 U.S.C. § 1332(a).

[7] ECF Doc. No. 4, ¶ 47.

[8] *Lincoln Benefit*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

[9] *Zambelli Fireworks* 592 F.3d at 419.

4

[10] ECF Doc. No. 4, ¶ 12.

[11] *Id.* ¶¶ 3-9.

[12] *Id.* ¶ 4.

[13] 28 U.S.C. § 1332(c).

[14] ECF Doc. No. 4. ¶ 8.

[15] *Lincoln Benefit*, 800 F.3d at 106.

[16] ECF Doc. No. 4¶ 6.

[17] *Zambelli Fireworks* 592 F.3d at 420.

[18] ECF Doc. No. 4 ¶ 2.

[19] ECF Doc. No. 4.

[20] *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008).

[21] *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

[22] As we lack subject matter jurisdiction, we do not address whether Mr. McCracken affected proper service or otherwise states a cognizable claim. "When a motion under Federal Rule of Civil Procedure 12 is based on several grounds, a court should first consider a 12(b)(1) challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, 'all other defenses and objections become moot.'" *Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n*, 247 F. Supp. 3d 477, 491 (M.D. Pa. 2017) (quoting *In re Corestates Trust Fee Litig.*, 837 F.Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994)).