## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ted A. McCracken, | : | Case No.    17-cv-4495 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| R.J. Reynolds Tobacco Company, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

Defendants Debra Crew, David H. Taylor, and Donald Levin (collectively, the "Individual Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(6), respectfully move this Honorable Court to dismiss Plaintiff's claims against them. Specifically, the Individual Defendants respectfully ask this Honorable Court to dismiss the claims against them for lack of personal jurisdiction, insufficient process, and failure to state a claim. In further support of their motion, the Individual Defendants show the Court as follows:

1.      The Second Amended Complaint fails to establish this Court's personal jurisdiction over the Individual Defendants. Under the "corporate shield" doctrine, corporate officers cannot be "haled into court based solely upon their status within a corporation." *Mendicino v. Lotus Orient Corp.*, No. 10-1867, 2010 WL 4104580, at *7 (E.D. Pa. Oct. 19, 2010). Instead, corporate officers are only subject to jurisdiction if the complaint alleges specific facts to establish that they directed or participated in tortious conduct by the corporation. *See id.* Here, the Second Amended Complaint does not contain any specific factual allegations regarding

1

the conduct of the Individual Defendants. Instead, Plaintiff alleges only that the Individual Defendants are officers or "successors" of the R.J. Reynolds Tobacco Company, ITG Brands, LLC, and Republic Tobacco Inc. (collectively, the "Corporate Defendants") and that they "participated in a civil conspiracy." Case Docket Entry No. 33 ¶¶ 2, 14–16, 60, 115. These vague and conclusory assertions are not sufficient to establish jurisdiction over the Individual Defendants. *See Gov't Emp. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 162 (E.D. Pa. 2017) (stating that in order to establish personal jurisdiction, a complaint must allege "specific facts— not vague or conclusory assertions").

2.      The claims against the Individual Defendants should also be dismissed for insufficient process. Pursuant to Fed. R. Civ. P. 4(a)(1), a valid summons must be "directed to the defendant." Here, the summonses served on the Individual Defendants were not directed to any party; the "To: (Defendant's Name and Address")" field on these forms is blank. *See* Summons for Defendants Crew, Taylor and Levin at Case Docket Entry Nos. 18-2, Exhibit A; 18-3, Exhibit A; and 20, p. 22, respectively.  In addition, the Individual Defendants were not served personally, but rather through employees of Defendants Republic Tobacco, ITG Brands, and a corporate affiliate of Defendant R.J. Reynolds Tobacco Company. *Id*. Apart from verbal comments made by the United States Marshals to these third parties, the Individual Defendants had no notice as to which parties were being served. *See id.* Under these circumstances, dismissal is appropriate. *See In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (holding that deficient summons which listed multiple defendants without identifying to which of those defendants the summons was directed provided an independent ground for dismissal).

3.      Finally, the Second Amended Complaint fails to state a claim against the Individual Defendants. As discussed above, the Second Amended Complaint contains no specific

factual allegations regarding the conduct of the Individual Defendants. Instead, the Second Amended Complaint alleges only that the Individual Defendants are officers or "successors" of the Corporate Defendants and that they "participated in a civil conspiracy." *See* Case Docket Entry No. 33 ¶¶ 2, 14–16, 60, 115. These conclusory assertions are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail to state a claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The bases for the Individual Defendants' Motion are discussed more fully in the Brief submitted contemporaneously herewith.

WHEREFORE, the Individual Defendants respectfully request that this Honorable Court dismiss the claims against them by entering the form of Proposed Orders provided herewith.

Dated: March 30, 2018

Respectfully submitted,

s/ Howard M. Klein
Howard M. Klein, Esquire
Aya M. Salem, Esquire
CONRAD O'BRIEN PC

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below the foregoing *Motion to Dismiss and Brief in Support* were electronically filed pursuant to the Court's ECF system, and that the document is available for downloading and viewing from the Court's electronic filing system.  Notice of this filing will be sent to all registered counsel of record by operation of the Court's ECF system and to the following individual by first-class mail:

Ted A. McCracken
3143 N. Carlisle Street
Philadelphia, PA  19132

*s/Howard M. Klein*
Howard M. Klein

Date:  March 30, 2018