## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ted A. McCracken, | : | Case No.   17-cv-4495 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| R.J. Reynolds Tobacco Company, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## BRIEF IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants Debra Crew, David H. Taylor, and Donald Levin (collectively, the "Individual Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(6), respectfully submit this Brief in Support of their Motion to Dismiss the Second Amended Complaint.

### Background

*Pro se* Plaintiff Ted McCracken filed the original complaint in this action on October 20, 2017. Case Docket Entry No. 3. Later that same day, Plaintiff filed an Amended Complaint. Case Docket Entry No. 4. On March 2, 2018, Plaintiff filed a Second Amended Complaint, which is now the operative pleading in this case. Case Docket Entry No. 33. The Second Amended Complaint lists six defendants: R.J. Reynolds Tobacco Company, ITG Brands LLC, and Republic Tobacco Inc. (collectively, the "Corporate Defendants"), as well as the Individual Defendants, who are alleged to serve as officers for the Corporate Defendants. *Id.* ¶ 2.

The Second Amended Complaint purports to list some fourteen overlapping claims. In support of these claims, the Second Amended Complaint generally alleges that Plaintiff began

smoking in 1966; that he was diagnosed with chronic obstructive pulmonary disease in 2015; and that the Corporate Defendants either manufactured or succeeded in liability to companies that manufactured the products Plaintiff smoked. *See, e.g.*, *id.* ¶¶ 18, 30, 32. The Second Amended Complaint also alleges that defendants conspired and engaged in a variety of allegedly illegal behavior, such as improper marketing and lobbying activities. *See, e.g.*, *id.* ¶¶ 19, 33. The Amended Complaint offers almost no specific information about these activities, alleging generally that "the conspirators" engaged in various conduct. *See, e.g.*, *id.* ¶ 63. Importantly, the Second Amended Complaint does not allege *any* specific conduct by the Individual Defendants. Instead, the Second Amended Complaint alleges only that the Individual Defendants are officers or "successors" of the Corporate Defendants and that they "participated in a civil conspiracy." *See id.* ¶¶ 2, 14–16, 60, 115.

On December 8, 2017, a United States Marshal delivered a summons and copy of the Amended Complaint to Mary Ellen Pullum, Associate General Counsel for ITG Brands. Docket Entry No. 7. On December 12, 2017, a United States Marshal delivered a summons and copy of the Amended Complaint to Tanya Clemo, a paralegal for a corporate affiliate of R.J. Reynolds Tobacco Company. Docket Entry No. 8. On December 27, 2017, a United States Marshal delivered a summons and copy of the Amended Complaint to Janet Cook, a Field Sales Administrator at Republic Tobacco who happened to be covering the reception desk while the normal receptionist was on break. Docket Entry No. 17. In all three instances, the "To: (Defendant's name and address)" portion of the summons form was left blank. The Marshals verbally informed Ms. Pullum, Ms. Clemo, and Ms. Cook that the summonses were for Defendants Taylor, Crew, and Levin, respectively. *See* Case Docket Entry Nos. 18-2, ¶¶ 2- 3; 18-3, ¶¶ 2 - 3; and 20, p. 19-20, ¶¶ 3-4.

## Argument

I.   **This Court lacks personal jurisdiction over the Individual Defendants because the Second Amended Complaint does not allege any specific conduct by the Individual Defendants, much less conduct directed toward Pennsylvania.**

The claims against the Individual Defendants should be dismissed because Pennsylvania lacks personal jurisdiction over these defendants. When a defendant files a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007); *Gov't Emp. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 162 (E.D. Pa. 2017). When no evidentiary hearing is held, the court accepts the allegations in the complaint as true and evaluates whether the complaint establishes a "prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "Nevertheless, the plaintiff must allege 'specific facts'—not vague or conclusory assertions." *Nealey*, 262 F. Supp. 3d at 162 (quoting *Marten*, 499 F.3d at 298).

This Court may exercise jurisdiction over the parties only to the extent permitted under both the State's long-arm statute and the United States Constitution. *See Remick v. Manfredy*, 238 F.3d 248, 254-55 (citing Fed. R. Civ. P. 4(e)). For present purposes, Pennsylvania's long-arm statute is co-extensive with constitutional limits. 42 Pa. C.S.A. § 5322(b); *Kachur v. Yugo Am., Inc.*, 632 A.2d 1297, 1298–99 (Pa. 1993). In order to satisfy the Due Process Clause, nonresident defendants must have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).

Courts have recognized two forms of personal jurisdiction: general and specific. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016). In order to establish general jurisdiction over a nonresident defendant, the defendant's contacts with the forum must be

"continuous and systematic." *Id.* at 200. Specific jurisdiction exists when the defendant has minimum contacts with the forum and the "cause of action arises from the defendant's forum related activities." *Id.*

In the context of lawsuits against corporate officials, the "corporate shield" doctrine "protect[s] officers and directors from being haled into court based solely upon their status within a corporation." *Mendicino v. Lotus Orient Corp.*, No. 10-1867, 2010 WL 4104580, at *7 (E.D. Pa. Oct. 19, 2010); *see also Simkins Corp. v. Gourmet Resources Intern.*, 601 F. Supp. 1336, 1345 (E.D. Pa. 1985) ("[A] corporate officer or director's actions taken in his corporate capacity are, by themselves, insufficient to bring him personally within the jurisdiction of this court."). Instead, nonresident corporate officers may only be held liable—and thus subject to personal jurisdiction—for "the tortious acts the corporation commits under their direction or with their participation." *Mendicino*, 2010 WL 4104580, at *7. Accordingly, this Court considers three factors when determining whether a corporate officer is subject to personal jurisdiction: (1) the officer's role in the corporate structure; (2) the quality of the officer's contacts; and (3) the extent and nature of the officer's participation in the alleged tortious conduct. *Id*. The ultimate issue is whether the plaintiff can identify an affirmative act by which the corporate officers purposefully availed themselves of the benefits and protections of the forum state's laws. *See Grand Ent't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993).

Here, the Amended Complaint does not contain any specific factual allegations to suggest that the Individual Defendants purposefully availed themselves of the benefits of Pennsylvania law. In fact, the Amended Complaint does not allege ***any*** specific facts about the Individual Defendants' conduct; Plaintiff alleges only that the Individual Defendants are officers or "successors" of the Corporate Defendants and that they "participated in a civil conspiracy." *See*

Case Docket Entry No. 33 ¶¶ 2, 14–16, 60, 115. Plaintiff's conclusory assertions that "Defendants" generally engaged in various types of conduct is not sufficient to establish personal jurisdiction over the Individual Defendants. *See Nealey*, 262 F. Supp. 3d at 162; *McCracken v. Ford Motor Co.*, No. 01-4466, at *7 (E.D. Pa. Nov. 27, 2001), *available at* https://www.paed.uscourts.gov/documents/opinions/01D0906P.pdf (dismissing claims against a corporate president when the complaint alleged that the president "is ultimately responsible for the training and supervision" of company personnel but did not allege that the president "has any officers, property, or bank accounts in Pennsylvania, or that he conducts any business in Pennsylvania").[1] As a result, the Amended Complaint fails to establish this Court's jurisdiction over the Individual Defendants, and the claims against them should be dismissed.

## II.  Process was not sufficient in this case because the summonses were not directed to the Individual Defendants.

Plaintiff's claims against the Individual Defendants should also be dismissed because the summonses Plaintiff served in this case are facially deficient. A valid summons must, among other things, "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). If there are multiple defendants, the Plaintiff "may serve copies of a single original bearing the names of multiple defendants," but only if "the addressee of the summons is effectively identified." *Id.* 1993 Advisory Committee Note. The requirement that a summons "effectively identify" the specific defendant is "particularly acute" when there are multiple defendants and service is made on a third party agent, rather than directly on the defendant. *See In re Motors Liquidation Co.*, 563

---

[1] Moreover, the few specific allegations Plaintiff makes against the "Defendants" relate to conduct that allegedly occurred from the 1960s through the 1980s. *See, e.g.*, *id.* ¶ 35(a)(1) (alleging that "Defendants" hired a public relations firm in 1978 and formed a research center in 1988). Defendants Crew and Taylor did not assume their roles with R.J. Reynolds Tobacco Company and ITG Brands until 2014 and 2015, respectively. Case Docket Entry Nos. 18-2, ¶ 4; and 18-3, ¶ 4.

B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (dismissing an action when the summons listed multiple defendants "without identifying to which of those defendants was directed"); *see also Grp. Indep. Sales Org., Inc. v. Teleservices, Inc.*, No. 2:09-CV-02231, 2009 WL 3100605, at *1 (W.D. Tenn. Sept. 23, 2003) (holding that service of a blank summons was defective).

Here, the summonses served on the Individual Defendants were not directed to anyone. Instead, the space labeled "To: *(Defendant's name and address)*" was left blank. *See* Case Docket Entry Nos. 18-2, ¶¶ 2- 3; 18-3, ¶¶ 2 - 3; and 20, p. 19-20, ¶¶ 3-4. Apart from the Marshals' verbal remarks, the Individual Defendants had no indication as to which party or parties their summonses were directed. *Id.* This is particularly problematic because Plaintiff did not serve the Individual Defendants personally, but rather left copies with third parties with connections to the Corporate Defendants. Thus, like the situation in *In re Motors Corp.*, the defect in the summons in this case is particularly problematic and warrants dismissal of Plaintiff's claims.

### III. The Amended Complaint Fails to State a Claim Against the Individual Defendants because it does not allege any conduct by the Individual Defendants.

Finally, the Amended Complaint fails to state a claim against the Individual Defendants. To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edinboro Colege. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (citation and internal quotation marks omitted). This plausibility standard is met when the facts alleged in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the court must accept all well-pleaded factual allegations as true, legal conclusions and conclusory allegations are not entitled to the

assumption of truth. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). In

short, although the complaint does not need detailed factual allegations, it must contain more

than "labels and conclusions," "naked assertions devoid of further factual enhancement," or "an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

A corporate officer is not personally liable for torts committed by his or her employer

simply by virtue of his or her status as an officer of the corporation. Instead,

> "The general, if not universal, rule is that . . . an officer of a corporation who takes
> no part in the commission of the tort committed by the corporation is not
> personally liable to third persons for such a tort, nor for the acts of other agents,
> officers, or employees of the corporation in committing it, unless he specifically
> directed the particular act to be done, or participated, or cooperated therein."

*Zubik v.* Zubik, 384 F.2d 267, 275 (3d Cir. 1967). As a result, in order to state an individual

claim against a corporate officer, a complaint must plausibly allege that the officer directed,

cooperated, or participated in the tortious conduct. *See id.*; *see also Richardson v. Deutsche Bank

Tr. Co. Americas*, No. 3:08-CV-01857, 2008 WL 5225824, at *3 (M.D. Pa. Dec. 12, 2008)

("Aside from including the names of these Individual Defendants in the case caption, the

Plaintiff does not mention any of these Defendants in his complaint, and does not allege any

conduct that would validly raise actionable claims. Without any such allegations the Plaintiff

fails to plead enough facts to state a claim to relief that is plausible on its face . . ..").

Here, the Second Amended Complaint does not allege any specific facts to suggest, much

less permit a plausible inference, that the Individual Defendants directed, cooperated, or

participated in any alleged conduct by the Corporate Defendants. Instead, as discussed above, the

Second Amended Complaint contains no relevant factual allegations at all, alleging only that the

Individual Defendants are officers or "successors" of the Corporate Defendants and that they

"participated in a civil conspiracy." *See* Case Docket Entry No. 33 ¶¶ 2, 14–16, 60, 115. These

conclusory assertions are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail to state a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's claims against the Individual Defendants should be dismissed.

<u>**Conclusion**</u>

For the foregoing reasons, the Individual Defendants respectfully ask that the Court dismiss Plaintiff's claims against them with prejudice.

Dated: March 30, 2018

Respectfully submitted,

s/ Howard M. Klein
Howard M. Klein, Esquire
Aya M. Salem, Esquire
CONRAD O'BRIEN PC

*Attorneys for Defendants*