# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TED A. MCCRACKEN, *et al.* | : CIVIL ACTION |
| v. | : NO. 17-4495 |
| R.J. REYNOLDS TOBACCO COMPANY, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                         **March 20, 2019**

After careful review of extensive discovery with a marked lack of evidence of tobacco use causing Ted A. McCracken's individual injuries necessary to establish negligence and strict liability against tobacco manufacturers, we granted summary judgment to the manufacturers. Mr. McCracken now *pro se* seeks reargument after he appealed our summary judgment Order. After confirming our continuing jurisdiction, we carefully reviewed our factual analysis and agree with Mr. McCracken as to two descriptive errors in our February 14, 2019 Memorandum in support of our February 14, 2019 Order granting the manufacturers' motion for summary judgment. We erred in omitting references to the correct manufacturer and one theory of liability. But after study, those errors do not affect our findings Mr. McCracken and his wife adduced no more than a mere scintilla of evidence his claim design defect or failure to warn caused his alleged injuries. Mr. McCracken cannot simply claim tobacco caused his injury without more than a scintilla of evidence of causation. Speculation based on public reports is not evidence. We grant Mr. McCracken's motion for reargument but affirm our earlier Order granting summary judgment to the manufacturers.

## I. Background

Ted A. McCracken *pro se* sued cigarette manufacturers R.J. Reynolds Tobacco Co. (RJR), ITG Brands, and Republic Tobacco, alleging his smoking their cigarettes for over fifty years caused him COPD and emphysema under both negligence and strict liability theories. The manufacturers filed separate motions to dismiss, on which we issued two rulings on May 21, 2018, and June 26, 2018.[1] We allowed four claims to proceed: (1) a failure-to-warn claim against ITG Brands from Mr. McCracken's first cigarette in 1966 until 1969;[2] (2) a failure-to-warn claim against Republic for failing to warn about the risks of its loose-leaf cigarette tobacco;[3] (3) a design defect claim against ITG and RJR for "altering the amount of nicotine to encourage continued addiction";[4] and, (4) design defect claims against Republic alleging it "[a] altered the amount of nicotine to encourage continued addiction; [b] failed to contain product information data sheets; [c] failed to list accurately and legibly the ingredients contained within loose leaf tobacco and the smoke including known carcinogens; and, [d] a lack of stop smoking markings."[5] We permitted Mr. McCracken to add claims for intentional/negligent infliction of emotional distress and loss of consortium.[6]

Following vigorous, often perplexing discovery with a *pro se* plaintiff, both parties moved for summary judgment.[7] Mr. McCracken argued we should collaterally estop the manufacturers from defending themselves and the manufacturers' answers to interrogatories established their liability as a matter of law.[8] We carefully studied his claims and looked for evidence of causation of his injuries based on his liability theories. On February 14, 2019, we granted summary judgment to the manufacturers, denying Mr. McCracken's assertion of collateral estoppel and barring his claims due to a lack of competent causation evidence.[9] Mr. and Mrs. McCracken appealed our Order.[10]

## II. Analysis

Mr. McCracken now moves for "reargument" under Federal Rule of Civil Procedure 59(e), arguing we erred in our analysis.[11] After careful review of our February 14, 2019 Memorandum, we agree as to two errors in describing Mr. McCracken's claims. But these two descriptive errors do not change our February 14, 2019 Order granting summary judgment to the manufacturers.

As we noted, Dr. Brown diagnosed "Emphysema: secondary to smoking" and "Tobacco use disorder."[12] And Mr. McCracken presents some documentary evidence about the dangers of ammonia.[13] But Mr. McCracken presents no evidence, expert or otherwise, any of the alleged negligence or defects—ammonia addition, failure to contain product information data sheets, failure to list the ingredients contained within loose leaf tobacco, and a lack of stop smoking markings—caused *his* harms. At bottom, Mr. McCracken asks us to allow a jury to find design defect or negligence caused his harms based on the general knowledge smoking can cause harms and the diagnosis of his physician, who is not an expert witness, smoking generally caused his harms.[14] He has not adduced sufficient evidence to proceed to a jury.

### A. We grant in part Mr. McCracken's motion for reconsideration but still grant summary judgment to the manufacturers.[15]

The scope of a motion for reconsideration under Rule 59(e) "is extremely limited."[16] Motions for reconsideration are not a vehicle for a "second bite at the apple"[17] or to "ask the Court to rethink what [it] had already thought through—rightly or wrongly."[18] The party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[19] As Mr. McCracken makes no arguments regarding an intervening

3

change in controlling law or new evidence previously unavailable is now within his possession, we will evaluate his challenges under the third prong.

When a District Court "addresses the merits—rather than the mere procedural propriety"— of a motion for reconsideration, the motion is considered granted.[20] Still, the "very fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical—either in its rationale or in its outcome, or in both regards—to the court's decision previously reached upon examination of the original application."[21] We grant Mr. McCracken's motion for reconsideration, finding we erred in two ways. First, we incorrectly described Mr. McCracken's failure-to-warn claim from 1966 to 1969 against Republic when the claim is against ITG Brands. Second, we incorrectly analyzed Mr. McCracken's design defect claims against Republic as failure-to-warn claims. After reconsideration, the manufacturers are still entitled to summary judgment. Our first error is harmless because we still analyzed whether additional warnings would have stopped Mr. McCracken from smoking. Our second error does not affect the outcome because Mr. McCracken failed to present competent evidence of causation.

### 1. Mr. McCracken's failure-to-warn claim against Republic.

Mr. McCracken correctly identifies we erred in our description of his failure-to-warn claim. We wrote: "Mr. McCracken seeks summary judgment on his failure to warn claim against Republic *for the years 1966 through 1969* based on its responses to interrogatories."[22] Upon further review, Mr. McCracken's failure to warn from 1966–69 claim is against ITG Brands, not Republic, as we explained in our May 21, 2018 Memorandum.[23] His failure-to-warn claim against Republic is based on its failure to warn about the dangers of its loose-leaf tobacco.[24]

4

We addressed Mr. McCracken's awareness of the risks of smoking throughout his life in our February 14, 2019 Memorandum and found additional warnings would not have deterred Mr. McCracken from using tobacco.[25] We described Mr. McCracken's testimony he heard repeated warnings throughout his life about the dangers of cigarettes.[26] We also found Mr. McCracken saw warnings on cigarette packages.[27] We discussed our Court of Appeals' holding in *Jeter v. Brown & Williamson Tobacco Corp.*,[28] both in our February 14, 2019 Memorandum and in our June 26, 2018 Memorandum allowing Mr. McCracken's failure-to-warn claim to proceed.[29] We found additional warnings would not have changed Mr. McCracken's behavior. Our findings apply to cigarettes manufactured by both ITG and Republic.

Mr. McCracken argues we overstated his awareness of the dangers of smoking. He argues "[f]amily member [sic] may have said to stop smoking, but that came after an incident where plaintiff had burned a hole in the wall-to-wall carpet, or in his suit pants, or it was simply a [sic] inconvenience to go out and buy cigarettes after midnight, not because smoking was particularly hazardous to plaintiff's health."[30] He also argues we overstated when he saw Surgeon General's warnings appear on cigarette packs.[31]

But Mr. McCracken's sworn deposition testimony directly refutes his new arguments. He testified his mother, father, and brother told him smoking was not good for him when he began smoking.[32] He also testified he "recall[ed]" cigarettes containing warnings in 1966 and he knew about the warnings when he started smoking but "didn't pay much attention to it."[33] We cannot allow Mr. McCracken to alter his sworn deposition testimony through this motion for reconsideration.[34] Additional evidence described in our February 14, 2019 Memorandum buttresses our holding, such as Mr. McCracken's wife telling him to quit because smoking is bad for your health[35] and the manufacturers' expert testimony disseminating the widespread

5

knowledge of smoking's harms.[36] Despite all of this, Mr. McCracken smoked throughout his life, even after his COPD diagnosis.[37] He has not presented more than a scintilla of evidence more warnings would have changed his behavior.

### 2. Mr. McCracken's design defect claims against Republic.

In our June 26, 2018 Memorandum on the motions to dismiss, we permitted Mr. McCracken's design defect claims against Republic to proceed.[38] But in our February 14, 2019 Memorandum, we analyzed those claims as if they were failure-to-warn claims[39] and we did not address Republic's cigarettes in our design defect analysis.[40] Although Mr. McCracken does not raise this error in his motion for reconsideration, we discovered our error while reviewing Mr. McCracken's argument we ignored his failure-to-warn claim against Republic. We now clarify our analysis.

Our design defect analysis regarding RJR's King Kool cigarettes applies all the same to Republic's tobacco products. Just as Mr. McCracken failed to present causation evidence regarding how ammoniated tobacco caused his harms, he has failed to show how any of the alleged defects in Republic's roll-your-own cigarettes caused his harms. Republic's interrogatory responses do not constitute evidence its alleged tobacco manipulation, data sheets, product ingredients, or stop smoking warnings caused his harms. In arguing he did present causation evidence, Mr. McCracken misunderstands our holding: Smoking generally may have caused Mr. McCracken's harms, but as we found in our February 14, 2019 Memorandum, Mr. McCracken has presented no competent evidence any of the alleged defects in the cigarettes caused Mr. McCracken's harms.[41]

6

## B. We deny the remainder of Mr. McCracken's Motion.

Mr. McCracken makes several other arguments of error in our February 14, 2019 Memorandum. After study, we deny each argument.

### 1. Collateral estoppel does not apply.

Mr. McCracken renews his argument we should have applied collateral estoppel based on Judge Kessler's opinion in the DOJ Case.[42] Mr. McCracken now attaches specific findings of Judge Kessler and argues we should apply them here. We will not consider these specific findings of fact, as Mr. McCracken cannot receive a "second bite at the apple."[43] But even were we to consider them, Mr. McCracken still fails to address the other reasons why we denied collateral estoppel—its undesirable incentives, the existence of favorable judgments in other cases, and this case's distinguishable posture from the DOJ Case.

### 2. Mr. McCracken's asbestos exposure.

Mr. McCracken argues we incorrectly found Dr. Dovnarsky wrote Mr. McCracken had "heavy, direct exposure to asbestos on a regular basis in the 1970's when he worked with cement."[44] Mr. McCracken is incorrect. We accurately quoted Dr. Dovnarsky's finding.[45]

Mr. McCracken also argues we ignored Dr. Dovnarsky's findings he "reviewed a chest x-ray . . . that shows hyperinflation consistent with emphysema but no other abnormalities,"[46] and he "did not see anything that looks like pleural asbestosis on his chest x-ray."[47] While true we did not mention these findings, we assigned little, if any, weight to Mr. McCracken's exposure to asbestos in our opinion. We mentioned asbestos only in our Introduction and Background sections.[48] We did not opine asbestos caused or even contributed to Mr. McCracken's health problems. Instead, we granted summary judgment to the manufacturers on the design defect claim because Mr. McCracken presented no evidence a design defect caused his harms.[49]

7

### 3. We correctly evaluated expert testimony.

Mr. McCracken challenges two issues in our review of the expert's opinions. He argues the statement of the manufacturers' expert, Dr. Garner, is unsworn and un-notarized, so it is inadmissible. Mr. McCracken is incorrect. The manufacturers attached a notarized affidavit Dr. Garner signed and swore.[50]

Mr. McCracken argues we should have credited Dr. Brown's medical records over Dr. Agharkar's expert opinion. But as we noted in our February 14, 2019 Memorandum, Dr. Brown did not opine on how any design defect caused Mr. McCracken's harms.[51] Even if we disregarded Dr. Agharkar's opinion, Mr. McCracken's argument fails because he has still failed to present causation evidence.

### 4. We do not consider inadmissible documentary evidence.

Construing Mr. McCracken's motion liberally, he argues we erred in discounting his documentary evidence. But he does not presently rebut our finding the documentary evidence constituted inadmissible hearsay.[52] As in his summary judgment briefing, he makes no argument about the documents' admissibility. We cannot identify a basis of admissibility for the records.

### 5. There is no evidence supporting an emotional distress claim.

Mr. McCracken rehashes his argument regarding intentional infliction of emotional distress. As before, he claims the manufacturers' addition of ammonia is outrageous conduct which caused him emotional distress. We already addressed these arguments.[53] Mr. McCracken has not attached medical evidence proving emotional distress. Nor has he shown outrageous conduct.[54] We properly dismissed this claim.

### III. Conclusion

Mr. McCracken correctly identifies we miscast his failure-to-warn claims in our February 14, 2019 Memorandum. We also find we should have analyzed certain claims against Republic as design defect claims. We grant reargument. But upon reconsideration, we continue to hold the manufacturers are entitled to summary judgment. Using tobacco for over fifty years after several notices of harm, he fails to adduce more than a scintilla of evidence the design defect or a failure to warn caused his present illness.

---

[1] ECF Doc. No. 52; ECF Doc. No. 79.

[2] ECF Doc. No. 52 at 1, 8, 13.

[3] ECF Doc. No. 79 at 4–5.

[4] ECF Doc. No. 52 at 10, 13.

[5] ECF Doc. No. 79 at 9.

[6] ECF Doc. Nos. 89–90.

[7] ECF Doc. Nos. 156–59.

[8] ECF Doc. No. 159.

[9] ECF Doc. No. 184.

[10] ECF Doc. No. 188.

[11] ECF Doc. No. 190. Mr. McCracken styles his *pro se* motion as a "Motion For Reargument Of Court's Order Granting Defendant's Motion For Summary Judgment." We will construe Mr. McCracken's motion as a Motion for Reconsideration under Rule 59(e). Despite Mr. McCracken's Notice of Appeal, we have jurisdiction to decide his Rule 59(e) motion. "[A] timely motion filed under Fed. R. Civ. P. 59(e) precludes a court of appeals from exercising jurisdiction while the motion is pending." *United States v. Adderly*, No. 06-548, 2012 WL 12906317, at *1 n.1 (E.D. Pa. Jan. 25, 2012). This is true even when, as here, the Rule 59 motion is filed after the notice of

appeal. *See United States v. Rogers Transp., Inc.*, 751 F.2d 635, 635 (3d Cir. 1985). As a result, the dispositive jurisdictional question is whether Mr. McCracken's motion for reconsideration is timely. It is timely under both the local and federal rules. Our local rules require motions "for reconsideration or reargument . . . be served and filed within fourteen (14) days." Local Rule 7.1(g). We entered Judgment on February 14, 2019. Mr. McCracken filed his motion on February 28, 2019.

[12] ECF Doc. No. 184 at 2.

[13] ECF Doc. No. 180 at MSJ App 1165–69.

[14] *See Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 165 (3d Cir. 1999) (noting without excluded expert testimony, plaintiff failed to offer admissible proof defendant's product was defective); *Lamar v. Saks Fifth Ave., Inc.*, No. 2:12-836, 2012 WL 12897909, at *3 (E.D. Pa. Oct. 23, 2012) (granting summary judgment where plaintiff failed to "come forward with sufficient expert testimony" proving defendant caused her harm); *Damiani v. Momme*, No. 11-2534, 2012 WL 1657920, at *4 (E.D. Pa. May 11, 2012) (precluding treating physicians who were not designated as experts from testifying with independent opinions as to the cause of Plaintiff's injuries); *Mracek v. Bryn Mawr Hosp.*, 610 F. Supp. 2d 401, 407 (E.D. Pa. 2009) (granting summary judgment where medical records contained no evidence a defect caused plaintiff's harms), *aff'd*, 363 F. App'x 925 (3d Cir. 2010). Any finding of liability would result from the jury's mere speculation as to causation.

[15] The standard of review for a Rule 59 motion "relates back to the standard applicable in the underlying decision." *Phelps v. Obama*, No. 1:15-2328, 2016 WL 320648, at *2 (M.D. Pa. Jan. 27, 2016) (citing *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)). We will reapply the standard we use to decide Rule 56 motions in considering Mr. McCracken's motion for reconsideration. Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (internal quotations omitted). On a motion for summary judgment, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." *Id.* at 533–34 (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Id.* at 643 (citing *Celotex*, 477 U.S. at 322–23). Because Mr. McCracken is proceeding pro se, we will read his "papers liberally and interpret[] them to

10

raise the strongest arguments suggested therein." *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 384–85 (W.D. Pa. 2007). "Despite this liberal interpretation, however, a bald assertion, unsupported by evidence, cannot overcome a properly supported motion for summary judgment." *Id.*

[16] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

[17] *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

[18] *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (alteration in original).

[19] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[20] *In re Telfair*, 745 F. Supp. 2d 536, 538 n.1 (D.N.J. 2010), *vacated in part on other grounds sub nom. Telfair v. Office of U.S. Attorney*, 443 F. App'x 674 (3d Cir. 2011).

[21] *Id.* (citing *Pena–Ruiz v. Solorzano*, 281 Fed. App'x 110, 111 n.1 (3d Cir. 2008)).

[22] ECF Doc. No. 184 at 14 (emphasis added).

[23] ECF Doc. No. 52 at 8–9.

[24] ECF Doc. No. 79 at 4–5.

[25] ECF Doc. No. 184 at 14–15.

[26] ECF Doc. No. 184 at 14–15.

[27] ECF Doc. No. 184 at 14–15.

[28] 113 Fed. App'x 465 (3d Cir. 2004).

[29] ECF Doc. No. 184 at 15; ECF Doc. No. 79 at 5.

[30] ECF Doc. No. 190 at ¶ 12.

[31] ECF Doc. No. 190 at ¶¶ 13, 19.

[32] ECF Doc. No. 158 at MSJ App 128–30.

[33] ECF Doc. No. 158 at 218.

[34] *See Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007) ("[I]f it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the

trial judge to conclude that no reasonable jury could accord that affidavit evidentiary weight and that summary judgment is appropriate.").

[35] ECF Doc. No. 158 at MSJ App 083.

[36] ECF Doc. No. 158 at MSJ App 590–92.

[37] ECF Doc. No. 158 at MSJ App 260.

[38] ECF Doc. No. 79 at 4–5.

[39] *See* ECF Doc. No. 184 at 15 ("Mr. McCracken failed to show how the specific warnings he says the cigarettes needed—product information data, the ingredients contained within the products, and general warnings about smoking—would have deterred him from smoking."). We note Mr. McCracken's design defect claims sound much like failure-to-warn claims, as they concern warnings.

[40] *See, e.g.*, ECF Doc. No. 184 at 10–11 (mentioning King Kool cigarettes in regard to Mr. McCracken's design defect claim against RJR, but failing to mention Top roll-your-own cigarettes or loose leaf tobacco).

[41] ECF Doc. No. 184 at 13.

[42] *United States v. Philip Morris*, 449 F. Supp. 2d 1 (D.D.C. 2006).

[43] *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

[44] ECF Doc. No. 190 at ¶¶ 1–2.

[45] *Compare* ECF Doc. No. 168 at MSJ App 1048, *with* ECF Doc. No. 184 at 2.

[46] ECF Doc. No. 190 at ¶ 3.

[47] ECF Doc. No. 190 at ¶ 4.

[48] ECF Doc. No. 184 at 1–2.

[49] ECF Doc. No. 184 at 11–13.

[50] ECF Doc. No. 158 at MSJ App 466–67.

[51] ECF Doc. No. 184 at 12–13.

[52] ECF Doc. No. 184 at 11–12.

[53] *See* ECF Doc. No. 184 at 16–17.

[54] Even had Mr. McCracken now attached proper medical evidence including of causation, we could not permit him a second bite at the apple to re-argue these claims.